**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BRITTANY BURKS, ANTONIO BOWERS,                                                  PLAINTIFFS
and ANTONIO WELCH

v.                                        No. 5:11CV00148 JLH

ACCEPTANCE CASUALTY INSURANCE CO.                                               DEFENDANT

**OPINION AND ORDER**

Plaintiffs Brittany Burks, Antonio Bowers, and Antonio Welch commenced this action against Acceptance Casualty Insurance Company in the Circuit Court of Jefferson County, Arkansas. Acceptance Casualty removed the action to this Court pursuant to 28 U.S.C. § 1441(a), asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The plaintiffs have now filed a motion to remand. The parties agree that all three of the plaintiffs are citizens of the State of Arkansas and that Acceptance Casualty is not, but the parties disagree as to whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

The complaint alleges that the plaintiffs were in a motor vehicle collision on June 28, 2010, in Jefferson County, Arkansas, that was caused by an uninsured driver. The plaintiffs were traveling in a 1997 Ford Aerostar that they allege Acceptance Casualty insured through a policy that provided uninsured motorist coverage. The plaintiffs contend that Acceptance Casualty breached its contract by failing to compensate them for their personal injuries, and they seek damages related to those injuries as well as attorneys fees, interest, and a twelve percent statutory penalty as provided by Arkansas Code Annotated section 23-89-208.[1]

---

[1] If an insurer fails to pay benefits due, the person entitled to the benefits may bring an action in contract to recover them. "In the event the insurer is required by the action to pay the overdue benefits, the insurer shall, in addition to the benefits received, be required to pay the reasonable attorney's fees incurred by the other party, plus twelve percent (12%) penalty, plus

In their motion to remand, the plaintiffs argue that the amount in controversy, which was not specifically averred in the complaint, could not exceed the jurisdictional minimum of $75,000 and that Acceptance Casualty has failed to prove by a preponderance of the evidence that it does. *See Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 927 (E.D. Ark. 2008) (noting that the party seeking to invoke federal jurisdiction has the burden of proving the requisite amount in controversy has been met). Acceptance Casualty argues that the claims for relief of the three plaintiffs can be aggregated to reach the jurisdictional amount because the plaintiffs have joined to enforce a single insurance contract for the payment of benefits. It also contends that because the policy at issue has an uninsured motorist limit of $50,000 per accident for bodily injury and $25,000 per accident for property damage, its potential liability to all three plaintiffs, factoring in statutory attorneys' fees and the twelve percent statutory penalty, make removal proper in this case.

When the petition for removal alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party invoking federal jurisdiction must prove requisite amount by preponderance of the evidence). The court must "resolve all doubts about federal jurisdiction in favor of remand" in all cases. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941).

---

interest thereon from the date these sums became overdue." Ark. Code Ann. § 23-89-208(f) (West 2011).

Here, Acceptance Casualty argues that the amount in controversy exceeds $75,000 because the insurance policy at issue has a limit per accident of $50,000 for bodily injury and $25,000 for property damage, which, when coupled with attorneys fees and the twelve percent statutory penalty, exceeds the jurisdictional minimum. It is true that statutory attorneys' fees and the twelve percent penalty may be factored in to determine whether the amount in controversy has been met. *Toller*, 558 F. Supp. 2d at 928. In addition to the fees and penalty, Acceptance Casualty seeks to rely on the policy limit as evidence that the amount in controversy exceeds $75,000.

> The undersigned is aware of no rule, however, that insurance policy limits determine the amount in controversy *per se* in a diversity action. *See Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment on insurance policy coverage brought in diversity). To the contrary, in actions that "involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim-not the face amount of the policy.' " *Id.* (quoting Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 3d* § 3710 (3d ed. 1998)). As explained by the district court in *Queen Ins. Co. of Am. v. Basham*, 201 F. Supp. 733 (D. Tenn. 1962), the opposite result would render this Court's limited jurisdiction not so limited:
>
>> If the Court followed the reasoning . . . that the jurisdictional amount is determined by the amount of coverage applicable to the claim . . . , the decision of this Court would be authority for asserting federal jurisdiction in any . . . suit involving a liability insurance policy with applicable coverage over [the requisite jurisdictional amount] no matter how small the claim actually being made.
>
> *Id.* at 737 (quoting in Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction* 3d § 3710 (3d ed. 1998)).

*Fainer v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV1536 AGF, 2009 WL 911724, at *2 (E.D. Mo. April 1, 2009) (finding the coverage limit of the insurance policy at issue insufficient to establish the amount in controversy); s*ee also Allstate Ins. Co. v. Brown*, 736 F. Supp. 705, 707 (W.D. Va. 1990) (distinguishing automobile insurance policies from life insurance policies and stating that "[w]here

3

the insured does not seek to recover the maximum under the policy, the court cannot rely exclusively on the policy limit as the measure of the amount in controversy"). In other words,

> [t]o reason that the policy limit reflects the amount in controversy would essentially "federalize" any action concerning an insurance policy with limits greater than $75,000 regardless of the claim for damages. Such a holding is incongruous with the principle of limited jurisdiction in federal courts. *See Godfrey v. Pulitzer Pub. Co.,* 161 F.3d 1137, 1141 (8th Cir.1998) (internal citations and quotations omitted) ("Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.").

*Hartford Ins. Co. of Midwest v. Wyllie*, No. 4:04 CV 1537 DDN, 2005 WL 902776, at *3 (E.D. Mo. Mar. 28, 2005). *But see NCMIC Ins. Co. v. Sammon*, No. Civ. 05-456RKHJSM, 2005 WL 2648687, at *3-4 (D. Minn. Oct. 17, 2005) (adopting the pecuniary risk principle in the context of actions for declaratory judgment).

Acceptance Casualty has not proven by a preponderance of the evidence that jurisdiction is proper in this case. Acceptance Casualty argues that the interests of all three plaintiffs may be aggregated to determine the amount in controversy rather than considering the claims of each plaintiff separately. It is true that "when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equally the jurisdictional amount." *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 250 (8th Cir. 1987) (quoting *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294, 94 S. Ct. 505, 508, 38 L. Ed. 2d 511 (1973)). "An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1079 (8th Cir. 2003) (finding that it was not enough that the dispute involved a common piece of property–the class members did not share a common interest in the

collection of a single liability). The plaintiffs share a common and individual interest only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000).

However, where the plaintiffs' interests are distinct, and their only relationship is that "they form a class of parties whose rights or liabilities arose out of the same transaction, or have a relation to a common fund or mass or property sought to be administered, such distinct demands or liabilities cannot be aggregated." *Crenshaw v. Great Cent. Ins. Co.*, 482 F.2d 1255, 1259 (8th Cir. 1973) (quoting *Clay v. Field*, 138 U.S. 464, 11 S. Ct. 419, 34 L. Ed. 1044 (1891)). "[W]hen several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and . . . those amounts cannot be added together to satisfy jurisdictional requirements." *Id.* at 1259-60 (quoting *Clark v. Paul Gray, Inc.*, 306 U.S. 583, 589, 59 S. Ct. 744, 83 L. Ed. 1001 (1939)).

"Two or more plaintiffs injured in the same automobile accident have separate and distinct causes of action; even though they join their causes of action in a single suit, they cannot aggregate their claims to achieve the requisite jurisdictional amount." *McCormick v. Labelle*, 189 F. Supp. 453, 454 (D.C. Conn. 1960); *see also Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 780 (5th Cir. 1963) (district court did not have jurisdiction of suit by three plaintiffs against insurer for recover under one policy because each plaintiff's recovery did not depend on the recovery of others but rested upon its own evidence and merits); *Tripp v. Kline*, No. 4:06CV01252 ERW, 2007 WL 844821, at *3 (E.D. Mo. Mar. 19, 2007) (finding that plaintiffs who alleged damages for injuries arising out of a single vehicle accident did not have a common, undivided interest); *Feldman v. Skaggs*, No. 4:06-CV-1832 (CEJ), 2007 WL 28442, at *1 (E.D. Mo. Jan. 3, 2007) (same); *Travelers

*Indemn. Co. of Ill. v. Clark*, Civ. A. No. 94-CV-1675, 1994 WL 384722, at *3 (E.D. Pa. Jul. 19, 1994) (finding that the claims of several passengers in a motor vehicle accident who sought to recover under the same insurance policy could not be aggregated); *Robison v. Castello*, 331 F. Supp. 667, 668 (D.C. La. 1971) ("It is also settled law that several plaintiffs injured in the same automobile accident have separate and distinct claims with the result that jurisdiction cannot be obtained by the aggregation of their claims."). *But see Stamps v. State Farm Mut. Auto. Ins. Co.*, 300 F. Supp. 545, 548 (W.D. Ark. 1969) (finding, in a personal injury action against an insurer by three plaintiffs under a single policy, the plaintiffs' claims could be aggregated where the recovery was limited by the terms of the policy). "[L]ooking to the limit of liability is not sufficient, even when the underlying claims allegedly arise out of the same instrument, to aggregate claims." *McPhillips v. Travelers Property Cas. Ins. Co.*, No. 1:07 CV 1618, 2007 WL 2407071, at *3 (N.D. Ohio Aug. 22, 2007) (disagreeing with the Fourth Circuit in *Mfrs. Cas. Ins. Co. v. Coker*, 219 F.2d 631 (4th Cir. 1955)).

The plaintiffs involved in this case were involved in the same automobile accident and are seeking damages under the same insurance policy. Yet each of the plaintiffs have a separate and distinct cause of action against Acceptance Casualty stemming from the individual harm that they suffered. To the extent that Acceptance Casualty owes an obligation to any of the plaintiffs, its obligation is individual and not collective. Thus, the plaintiffs' claims may not be aggregated to achieve the minimum amount in controversy for jurisdiction based on diversity of citizenship.

Acceptance Casualty offers no other basis from which the Court can determine that the amount in controversy requirement has been established by a preponderance of the evidence. Therefore, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Accordingly,

the motion to remand is GRANTED.  Document #8.  A separate judgment will be entered remanding this case to the Circuit Court of Jefferson County, Arkansas.

    IT IS SO ORDERED this 9th day of August, 2011.

                                                _____
                                                J. LEON HOLMES
                                                UNITED STATES DISTRICT JUDGE